NO. 07-03-0538-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 14, 2005


______________________________



TONY J. ROMO, JR., 



 Appellant


v.



THE STATE OF TEXAS,
 

 

 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402,096; HON. BRAD UNDERWOOD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL, JJ. (1)

 Tony J. Romo, Jr. (appellant) appeals his conviction for aggravated sexual assault. 
After considering his nine issues, we affirm the judgment for the reasons which follow.

 Issues One and Two - Admission of DNA Evidence

 Appellant initially contends that the trial court erred in admitting DNA evidence
developed from a blood sample taken while he was in prison. This is purportedly so
because the sample was taken in violation of his constitutional rights to be free of
unreasonable searches and seizures. We overrule the issues.

 The sample was impermissibly obtained, according to appellant, for two reasons. 
First, the process utilized purportedly violated §411.148(a) of the Texas Government Code
and, second, a federal appellate court struck down a like procedure in United States v.
Kincade, 345 F.3d 1095 (9th Cir. 2003). (2) The procedure at issue involves the drawing of
blood from convicted felons while in prison. The specimen is then used to create a DNA
record of the felon. 

 We address the second reason proffered by appellant first. While the United States
Court of Appeals for the Ninth Circuit, in Kincade, did initially hold unconstitutional a
procedure wherein blood was drawn from convicted felons to create a DNA record, that
opinion is no longer authoritative. It was withdrawn by the same court, and another was
placed in its stead. And, through the latter, it held that "compulsory DNA profiling of
qualified federal offenders is reasonable under the totality of the circumstances" and that
"we today align ourselves with every other state and federal appellate court to have
considered these issues - squarely holding that the DNA Act satisfies the requirements of
the Fourth Amendment." United States v. Kincade, 379 F.3d 813, 839 (9th Cir. 2004) (en
banc). Given that the foundation for appellant's argument no longer exists, we reject
appellant's argument.

 Regarding his first reason, appellant admits that he was convicted and sent to prison
for another offense. However, he appealed that conviction, and this court had yet to issue
its mandate finalizing the conviction when his blood was drawn by the prison officials. 
Furthermore, because mandate had yet to issue, he could not be considered as "serving
a sentence" for purposes of §411.148(a), appellant concludes. Yet, in making this
argument, appellant did not address the dictates of art. 42.09, §6 of the Texas Code of
Criminal Procedure. It provides that "[a]ll defendants who have been transferred to the
institutional division of the Texas Department of Criminal Justice pending appeal of their
convictions . . . shall be under the control and authority of the institutional division for all
purposes as if no appeal were pending." Tex. Code Crim. Proc. Ann. art. 42.09, §6
(Vernon Supp. 2005) (emphasis added). Given this directive, the State was permitted to
treat appellant like a convicted felon even though his appeal had yet to be finalized via the
issuance of a mandate. 

 Issues Eight and Nine - Suppression of his Confession

 We next address appellant's issues eight and nine for they are generally dispositive
of the others. Through them, he complains of the trial court's refusal to suppress his
confession. It was subject to suppression, in his view, because he was denied his right to
counsel during the execution of the search warrant and his confession was executed after
he had attempted to end the interrogation. We overrule the issues.

 As to the request for an attorney, appellant cites us no authority (and we know of
none) holding that he is entitled to an attorney when officers attempt to execute a search
warrant. And, while requesting an attorney may obligate a suspect's interrogators to halt
further interrogation, they need only do so until counsel is provided or the suspect himself
re-initiates conversation. Dinkins v. State, 894 S.W.2d 330, 350-51 (Tex. Crim. App. 1995). 


 Here, the record contains the following evidence proffered by a police officer who
helped execute the search warrant. At the time the warrant was served, appellant
requested an attorney. Per that warrant, the officers intended to obtain a blood sample
from him. Furthermore, they told appellant that he had no right to an attorney at that point. 
Instead, appellant was taken to the health department whereat personnel extracted several
vials of blood from him. Additionally, neither officer broached with appellant the issue of
his providing a statement. Nor did appellant again request counsel. Nonetheless,
appellant asked to speak to detective Martinez. The latter and appellant knew each other
since they had engaged in prior discussions about other criminal matters. So, his
custodians phoned Martinez to see if he cared to meet with appellant. Martinez agreed to
do so. Thereafter, the officers drove appellant from the health department to the police
station so he and appellant could meet. During that short drive, nothing was said about
appellant offering any statement. Nor did appellant again request to speak to legal counsel. 
And, by the time the group arrived at the station, they had spent approximately 45 minutes
together. 

 Next, when appellant encountered detective Martinez, the two engaged in "small
talk." During this exchange appellant informed Martinez about his general situation and the
prison in which he was incarcerated. This led to Martinez informing appellant of his
Miranda rights. Thereafter, appellant provided Martinez with his version of the events,
which Martinez transcribed. The transcription, which also contained Miranda warnings, was
then given to appellant. Appellant was asked to review its contents and place his initials
next to each Miranda admonition. So too was he asked if he wanted to make any changes. 
He did ask for clarification about a matter but made no changes. So too did he place his
initials next to the warnings and sign the confession before a notary. At no time during the
interview did he ask for counsel or request that the proceeding stop. Nor was he denied
any basic necessities during the meeting, which lasted less than two hours. 

 Though appellant contradicted much of what the officers said, the trial court had the
discretion to choose which witness to believe. As the sole finder of fact, Arnold v. State,
873 S.W.2d 27, 34 (Tex. Crim. App. 1993), it was free to believe or disbelieve any or all of
the evidence presented. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 
And, we must conclude that evidence appeared before it upon which it could have
reasonably determined that while appellant initially requested legal counsel, he also
voluntarily and unilaterally re-initiated discussion with the officers after the request. 
Furthermore, the very same evidence we mentioned above further entitled the trial court
to conclude that appellant's statement was 1) voluntarily given without coercion, threat or
improper influence and 2) not obtained in breach of any request to halt the interview. This
being so, we have no basis to alter the trial court's refusal to suppress the confession and,
therefore, overrule both issues eight and nine. See State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000) (stating that the trial court's determination will not be overturned if
supported by the record, especially when the trial court's findings turn on the witness'
credibility and demeanor). 

 Issues Three through Seven

 The remaining issues before us deal with appellant's ability to attack the validity of
the DNA evidence proffered by the State at trial. They involve appellant's opportunity to
secure evidence and expert testimony which may have been used to discredit the accuracy
of the DNA evidence used to inculpate him. Assuming arguendo that each complaint had
merit, we, nonetheless, would find them to fall short of requiring reversal. This is so
because of appellant's written statement. It too was admitted into evidence at trial and
through it, he confessed to committing the assault. Given his confession to the crime, the
DNA evidence was rendered moot. In short, the admissible evidence of his guilt was
overwhelming and sufficient to render harmless any mistake made by the trial court viz the
DNA evidence and appellant's opportunity to rebut it.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice

 

Do not publish.


 


1. Then Chief Justice Phil Johnson, who sat on the panel at oral argument, did not participate in this
decision.
2. Section 411.148(a) of the Government Code states: "[a]n inmate serving a sentence for a felony in
the institutional division shall provide one or more blood samples or other specimens for the purpose of
creating a DNA record." Tex. Gov. Code Ann. §411.148(a) (Vernon 2005).



n="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0235-CR

NO. 07-10-0236-CR

NO. 07-10-0237-CR

NO. 07-10-0238-CR

NO. 07-10-0239-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 24, 2011

 

______________________________

 

 

JOE MARVIN SLUTZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 58,571-E, 58,572-E, 58,573-E, 58,574-E &
58,575-E;

 

HONORABLE DOUGLAS R. WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

In 2008, Appellant, Joe Marvin Slutz,
was convicted and sentenced as follows: cause number 58,571-E, sexual assault of a
childBtwenty years
confinement; (2) cause number 58,572-E, Count IBaggravated sexual
assault of a childBconfinement for life; Count IIBaggravated sexual
assault of a childBconfinement for life; (3) cause number
58,573-E, aggravated sexual assault of a childBconfinement for
life; (4) cause number 58,574-E, aggravated sexual assault of a childBconfinement for
life; and (5) cause number 58,575-E, aggravated sexual assault of a childBconfinement for
life.  His convictions were affirmed by
this Court.  See Slutz v. State, Nos. 07-08-00434-CR,
07-08-00435-CR, 07-08-0436-CR, 07-08-0437, and 07-08-0438-CR, 2009 Tex. App.
LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).

            On March 12, 2010, Appellant filed,
in each cause, a Motion for Post Conviction DNA Testing Pursuant to Chapter 64
of the Texas Code of Criminal Procedure. 
As required by article 64.02(a)(2)(B) of the Code, the State responded
to Appellant's motion by explaining that no evidence could be delivered for
testing because none had been collected.  In its brief, the State explained that during
Appellant's trial, the Sexual Assault Nurse Examiner testified that she did not
collect any samples for testing because the last sexual assault had occurred
outside a ninety-six hour period.  No
hearing was held on Appellant's motion, and the trial court entered an order in
each cause denying the motion.[1]  Appellant now appeals the denial of his
request for DNA testing. 

            Relying on McKenzie v. State, 617 S.W.2d 211
(Tex.Crim.App. 1981), Appellant argues that "[t]he rule is well settled
that where the state introduces an exculpatory statement or confession of a
defendant it is then bound to disprove it and failure to do so is grounds for
acquittal."  Id. at 217.  McKenzie has no application to this
appeal from the trial court's denial of a request for DNA testing.  Furthermore, Appellant does not brief nor
argue entitlement to appointed counsel or challenge the trial court's
rulings.  See Tex. R. App. P. 38.1(i).  Nevertheless, we will construe his brief as a
challenge to the denial of his motions for DNA testing.

            We review the trial
court's decision to deny DNA testing under the bifurcated standard announced in
Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  See Rivera
v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). 
Chapter 64 of the Texas Code of Criminal Procedure provides that a
convicting court may order forensic DNA testing only if it finds the evidence Astill exists and is in a condition
making DNA testing possible.@ 
Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp.
2010).  The burden is on the
convicted person to establish by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained through DNA
testing, and the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or administration of justice.  Art. 64.03(a)(2).  Simply stated, the convicted person must show
the existence of a reasonable probability that exculpatory DNA tests would
prove his innocence.  Kutzner v. State, 75 S.W.3d 427,
439 (Tex.Crim.App. 2002). 

Additionally, the Court of Criminal Appeals has held that A[n]othing
in Article 64.03 requires a hearing of any sort concerning the trial court=s determination of whether a
defendant is entitled to DNA testing.@  Rivera, 89 S.W.3d at 58-59.  Therefore,
the trial court, in deciding whether the evidence to be tested still exists,
may reach its decision based on the sufficiency of the State=s written explanation of its failure
to deliver the requested evidence.  See
Mearis v. State, 120 S.W.3d
20, 24 (Tex.App.BSan Antonio 2003,
pet. ref=d).

In the present case, the State explained there was no
biological material to test.  Based on
the sufficiency of the State's reason, the trial court concluded that Appellant
was not entitled to DNA testing.  Consequently,
Appellant did not demonstrate entitlement to appointed counsel or to DNA
testing.[2]  We hold the trial court did not err in
denying Appellant's request for DNA testing in each cause.  Appellant=s sole contention is overruled.

Accordingly, the trial court's orders are affirmed.

 

 

                                                                        Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 











[1]Although
the trial court's order is entitled "Order Denying Defendant's Motion for
DNA Testing and Appointment of Counsel," nowhere in his motions does
Appellant request appointment of counsel. 
Nevertheless, in the notices of appeal filed in cause numbers
07-10-0236-CR and 07-10-0237-CR, Appellant complains that the trial court did
not appoint counsel to represent him in pursuing DNA testing. Entitlement to
appointed counsel to pursue DNA testing is not absolute.  The convicted person must meet three
criteria:  (1) inform the trial court
that he wants to submit a motion for the appointment of counsel; (2) the trial
court must find that "reasonable grounds" exist for the filing of the
motion; and (3) the trial court must find that the convicted person is
indigent.  Gutierrez v. State, 307 S.W.3d 318, 321
(Tex.Crim.App. 2010).

 





[2]On
January 25, 2011, Appellant filed an untimely Reply Brief.  He complains that his conviction was based on
extraneous offense evidence.  This issue
was addressed and resolved against Appellant in his direct appeals.  See Slutz v. State, Nos. 07-08-00434-CR, 07-08-00435-CR,
07-08-00436-CR, 07-08-00437-CR, and 07-08-00438-CR, 2009 Tex. App. LEXIS 8326
(Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).  His other complaints relate to alleged
biological material.  As the State
explained, no biological material was collected; thus, there is nothing to test.  We overrule the arguments raised in
Appellant's Reply Brief.