**John MEARIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-02-00739-CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 6, 2003.

Discretionary Review Refused
Nov. 5, 2003.

---

Stephen Morris, Houston, for appellant.

Kelly Ann Smith, William J. Delmore, III, Asst. Dist. Atty., Houston, and appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

In six issues, John Henry Mearis appeals the trial court's denial of his post-conviction motion for DNA testing. We overrule all issues and affirm the trial court's order.

### BACKGROUND

On November 27, 2000, Mearis was adjudicated guilty of committing sexual assault and was sentenced to four years imprisonment. On June 21, 2002, Mearis filed a post-conviction motion for DNA testing. In an affidavit attached to the motion, Mearis affirmed that he believed physical evidence, still in the possession of the State, would prove him to be innocent of the crime. The State opposed the motion and attached supporting affidavits. Melchora Vasquez, the exhibits clerk with the Harris County District Clerk's Office, Jim Bolding, the property and evidence records custodian for the Houston Police Department Crime Lab, and K.L. McGinnis, the property and evidence records custodian for the Houston Police Department, affirmed that the records of their respective offices do not reflect that property and/or evidence in John Mearis's case are in their possession. Moreover, Jim Bolding affirmed that with regard to Mearis's case, the crime lab never received any evidence.

At the hearing on the motion, Mearis and the State waived a court reporter.

Thus, there is no reporter's record of the hearing. On September 12, 2002, the trial court denied Mearis's motion for DNA testing and entered written findings of fact. Based on the affidavits of Vasquez, Bolding, and McGinnis, the trial court found that Mearis failed to show pursuant to article 64.03(a)(1) of the Texas Code of Criminal Procedure that the evidence still exists and is in a condition making DNA testing possible. The trial court also found, based on the lack of evidence, that Mearis failed to show by a preponderance of the evidence that a reasonable probability exists that Mearis would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. *See* Tex.Code Crim. Proc. Ann. art. 64.03(a)(2) (Vernon Supp.2003).

On that same day, September 12, 2002, Mearis filed written objections:

(1) The State has failed to either deliver the evidence to the court, along with a description of the evidence or explain in writing why the State cannot deliver the evidence to the court. Tex.Code Crim. Proc. Ann. art 64.02(2) (Vernon Supp.2002). Consequently, the issues have not been joined in this case.

(2) The defendant has been denied his right to be present in court during a critical hearing on this matter. U.S. Const. amends. VI, XXIV.; Tex. Const. art. I, § 10.

(3) The defendant objects to the issues being decided on affidavits, as a violation of his federal and state constitutional right to confrontation and cross-examination. U.S. Const. amends. VI, XXIV; Tex. Const. art. I, § 10.

(4) The defendant objects to the issues being decided on affidavits, in that each affidavit constitutes inadmissible hearsay.

Again, that same day, September 12, 2002, the trial court entered an order denying Mearis's objections:

BE IT REMEMBERED, that on this day came to be heard the foregoing objections. The trial court finds that the motion has been timely filed and presented to the trial court for a ruling.

The Court further finds that counsel for the State and counsel for the defendant are present. The defendant is also present. The presence of a court reporter has been waived by counsels. The purpose of this hearing [is] to finally adjudicate in the trial court all issues concerning the defendant's motion for DNA testing of biological materials. All issues of fact will be resolved on the basis of affidavits on file with the Court.

Defendant's objections as set out in the attached motion are hereby DENIED.

### DISCUSSION

In his first two issues, Mearis argues that the trial court violated his rights under the United States and Texas Constitutions by conducting a final hearing without Mearis being present. By conducting such a hearing, Mearis argues that the trial court violated his right to due process and his right to confront witnesses. Mearis's argument presumes that chapter 64 requires the convicting court to conduct an evidentiary hearing to determine whether the pertinent evidence exists. In *Rivera v. State*, 89 S.W.3d 55, 58 (Tex.Crim.App. 2002), the court of criminal appeals held that "[n]othing in article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to a DNA testing." The court of criminal appeals reasoned that had the Legislature intended "to require a pre-test hearing for the purpose of resolving issues under article 64.03, it could have

so specified in the statute—just as it did for a post-test hearing under article 64.04." *Id.* at 59. Therefore, in determining whether to order forensic DNA testing under article 64.03, the trial court is not required to hold an evidentiary hearing and may rely on the motion and the State's written response.

■ Specifically, article 64.01 requires the convicted person to file a sworn affidavit "containing statements of fact in support of the motion." TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2003). On receipt of appellant's motion, article 64.02 requires the attorney for the State to deliver the evidence or to explain in writing why it cannot do so. *Id.* art. 64.02. Pursuant to article 64.03, the trial court then may, if it makes certain findings, order DNA testing. *Id.* art. 64.03.[1] Based on the language of chapter 64, the trial court, in deciding whether the evidence to be tested still exists, may reach that decision based on the sufficiency of the State's written explanation. *Cravin v. State,* 95 S.W.3d 506, 509 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd); *Mimms v. State,* No. 14–02–01196–CR, 2003 WL 21543499, at *2 (Tex.App.-Houston [14th Dist.] July 10, 2003, no pet. h.) (not designated for publication); *see Rivera,* 89 S.W.3d at 58. No evidentiary hearing is required, and the State is not required to accompany its response with affidavits. *Cravin,* 95 S.W.3d at 509; *Mimms,* 2003 WL 21543499, at *2.

■ Here, the appellate record does not reflect that the trial court's decision followed an evidentiary hearing; it indicates only that the parties waived a court reporter's presence when Mearis's motion was decided. Moreover, even if the trial court held an evidentiary hearing, because there was no reporter's record made of the hearing, the appellate record does not reflect that Mearis was not present. In fact, Mearis's written objections to the alleged hearing assert that he "requests that the record reflect that the State, the undersigned counsel, and *the defendant* are before this court." (emphasis added). Moreover, the trial court's order states that the defendant was present. As the appellate record does not reflect that Mearis was not present at the hearing, Mearis's first two issues are without merit.

■ And, even if the trial court had held an evidentiary hearing on Mearis's motion without Mearis being present, nothing in the United States or Texas Constitutions demands an inmate's presence at a post-conviction DNA testing proceeding. *Cravin,* 95 S.W.3d at 510; *Mimms,* 2003 WL 21543499, at *2. The Supreme Court has recognized that a defendant's right to confront witnesses guarantees a defendant charged with a crime an opportunity to cross-examine witnesses against him. *Pointer v. Texas,* 380 U.S. 400, 406–07, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Court explained that a defendant's denial of his right to confront witnesses "calls into question the ultimate

---

1. If the trial court orders forensic DNA testing, it must find (1) that the evidence still exists and is in a condition making DNA testing possible, (2) that the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, altered in any material respect, (3) that identity was or is an issue in the case, (4) that the convicted person established by a preponderance of the evidence that a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing, and (5) that the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. TEX. CODE CRIM. PROC. ANN. art. 64.03 (Vernon Supp. 2003).

integrity of the fact-finding process." *Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (citation omitted).

■ Mearis, relying on *Ruiz v. State,* 92 Tex.Crim. 73, 242 S.W. 231, 232 (1922), contends that a DNA testing proceeding is "similar in nature" to a hearing on a motion for new trial. Because a defendant's presence is required by the Texas Constitution at a hearing on a motion for new trial, Mearis argues that a defendant's presence should also be required at a post-conviction DNA testing proceeding. We, however, believe a post-conviction DNA proceeding is more like that of a habeas corpus proceeding. *Cravin,* 95 S.W.3d at 509–10. Unlike a criminal trial in which the guilt of the defendant is at issue and his presence is required by the Sixth Amendment, a habeas corpus proceeding is an independent proceeding that makes a collateral inquiry into the validity of the conviction. *United States v. Hayman,* 342 U.S. 205, 222–23, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *see Ex parte Mines,* 26 S.W.3d 910, 914–15 (Tex.Crim.App.2000). A post-conviction DNA testing proceeding is also an independent proceeding that makes a collateral inquiry into the validity of the conviction. *Cravin,* 95 S.W.3d at 510.

For all of these reasons, we overrule Mearis's first two issues.

■ In his third and fourth issues, Mearis complains that by resolving all issues of fact on the basis of affidavits filed, the trial court did not allow Mearis to confront and cross-examine witnesses in violation of the United States and Texas Constitutions. Having held that neither the United States nor the Texas Constitution give Mearis the right to be physically present at a post-conviction DNA testing proceeding, we also hold, for the same reasons, that Mearis does not have the right to cross-examine witnesses. *Cravin,* 95 S.W.3d at 510.

■ In his fifth issue, Mearis complains that the trial court committed reversible error in admitting the State's affidavits, because the affidavits constitute inadmissible hearsay. According to Mearis, he "was entitled to have the rules of evidence applied in any hearing where his right to DNA testing [was] finally determined." We have already determined that no evidentiary hearing is required in considering whether DNA evidence exists. Therefore, the rules of evidence are not necessarily implicated. *See Cravin,* 95 S.W.3d at 511. And, from this record, we cannot determine whether the trial court held an evidentiary hearing. We, therefore, overrule Mearis's fifth issue.

■ In his final issue, Mearis argues that the trial court committed reversible error in denying Mearis's motion for DNA testing, because the State failed to establish that no such evidence existed. Although the State provided affidavits from the district clerk, the property and evidence records custodian for the Houston Police Department, and the property and evidence records custodian for the Houston Police Department Crime Lab, Mearis argues that the State offered no evidence "to show that no other police agency had seized evidence in relation to [Mearis's] 1998 offense, or that any such evidence would not still be in that law enforcement agency's possession." However, as noted before, the State's affidavits were unnecessary as the trial court had discretion to deny Mearis's motion with or without the affidavits. *Cravin,* 95 S.W.3d at 511; *Mimms,* 2003 WL 21543499, at *2. Accordingly, the State did not need to show that no other agency possessed evidence suitable for testing. *Cravin,* 95 S.W.3d at 511; *Mimms,* 2003 WL 21543499, at *2. We overrule Mearis's final issue.

## CONCLUSION

Having overruled all issues, we affirm the order of the trial court.