WATTS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-103-CR

THOMAS WATTS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Thomas Watts was convicted on June 13, 1993 through a plea agreement for the offense of aggravated sexual.  On May 13, 2002, Appellant filed a motion for forensic DNA testing and counsel.  The court appointed counsel to represent Appellant, and a hearing was held on Appellant’s motion on February 13, 2003.  Before the case was called, Appellant’s counsel moved for a continuance and objected to the fact that a bench warrant had not been issued for Appellant.  The trial court overruled Appellant’s objection and motion for continuance and proceeded with the hearing on Appellant’s motion for DNA testing, which was denied.

In Appellant’s sole point, he argues that the trial court violated his right to be present at the hearing and committed reversible error in overruling his motion for continuance based on his unavailability for the hearing.  Appellant asserts that under the Sixth Amendment to the United States Constitution and article I, section 10 of the Bill of Rights in the Texas Constitution, that he has the right to be physically present at all phases of proceedings against him, including a postconviction DNA hearing.  Appellant, however, has no constitutional right to be present at a postconviction DNA proceeding.  
Cravin v. State
, 95 S.W.3d 506, 510-11 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); 
Mearis v. State
, 120 S.W.3d 20, 24-25 (Tex. App.—San Antonio 2003, pet. ref’d).

Appellant additionally complains that the trial court erred in denying his motion for continuance.  Appellant’s motion for continuance was based on his  absence.  As previously discussed, Appellant was not entitled to be present at the hearing and therefore was not entitled to a continuance.  We also agree with the State’s contention that Appellant waived his right to argue this issue on appeal because he failed to file a written sworn motion indicating his reason for the request as required by the code of criminal procedure.  
See 
Tex. Code Crim. Proc. Ann. 
art. 29.03 (Vernon 1989); 
Dewberry v. State
, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000);
 Ricketts v. State
, 89 S.W.3d 312, 317 (Tex. App.—Fort Worth 2002, pet. ref’d). 

We overrule Appellant’s sole point and affirm the judgment of the trial court. 

 

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH   

Tex. R. App. P. 
47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.