COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-103-CR

 
THOMAS 
WATTS                                                                  APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Thomas Watts was convicted on June 13, 1993 through a plea agreement for the 
offense of aggravated sexual assault. On May 13, 2002, Appellant filed a motion 
for forensic DNA testing and counsel. The court appointed counsel to represent 
Appellant, and a hearing was held on Appellant’s motion on February 13, 2003. 
Before the case was called, Appellant’s counsel moved for a continuance and 
objected to the fact that a bench warrant had not been issued for Appellant. The 
trial court overruled Appellant’s objection and motion for continuance and 
proceeded with the hearing on Appellant’s motion for DNA testing, which was 
denied.
        In 
Appellant’s sole point, he argues that the trial court violated his right to 
be present at the hearing and committed reversible error in overruling his 
motion for continuance based on his unavailability for the hearing. Appellant 
asserts that under the Sixth Amendment to the United States Constitution and 
article I, section 10 of the Bill of Rights in the Texas Constitution, that he 
has the right to be physically present at all phases of proceedings against him, 
including a postconviction DNA hearing. Appellant, however, has no 
constitutional right to be present at a postconviction DNA proceeding. Cravin 
v. State, 95 S.W.3d 506, 510-11 (Tex. App.—Houston [1st Dist.] 2002, pet. 
ref’d); Mearis v. State, 120 S.W.3d 20, 24-25 (Tex. App.—San Antonio 
2003, pet. ref’d).
        Appellant 
additionally complains that the trial court erred in denying his motion for 
continuance. Appellant’s motion for continuance was based on his absence. As 
previously discussed, Appellant was not entitled to be present at the hearing 
and therefore was not entitled to a continuance. We also agree with the 
State’s contention that Appellant waived his right to argue this issue on 
appeal because he failed to file a written sworn motion indicating his reason 
for the request as required by the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 29.03 
(Vernon 1989); Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1131 (2000); Ricketts v. State, 89 
S.W.3d 312, 317 (Tex. App.—Fort Worth 2002, pet. ref’d).
        We 
overrule Appellant’s sole point and affirm the judgment of the trial court.
 
  
                                                                  PER 
CURIAM
 
 
PANEL 
F:   HOLMAN, J.; CAYCE, C.J.; and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004
 

NOTES
1. 
See Tex. R. App. P. 47.4.