Opinion issued May 20, 2004








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00119-CR




BILLY WAYNE HALL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 566818




MEMORANDUM OPINION
          Appellant, Billy Wayne Hall, challenges the convicting court’s order denying
his motion for post-conviction DNA testing. In six points of error, appellant contends
that the trial court committed reversible error when it (1) conducted a hearing on
appellant’s motion without appellant being present in violation of his state and federal
constitutional rights to due process, confrontation, and cross-examination, (2)
considered the State’s affidavits, which were submitted in response to appellant’s
motion and which contained inadmissible hearsay evidence, and (3) denied appellant
DNA testing “where the State failed to establish that no such materials were still in
possession of the State.” 
          We affirm.
Background
          In 1988, appellant pled guilty to aggravated sexual assault, and the trial court
sentenced appellant to 27 years in prison. No appeal was taken. In 2002, appellant
filed a motion for DNA testing in the convicting court under chapter 64 of the Code
of Criminal Procedure. See Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (Vernon
Supp. 2004). The State filed a response, moving the convicting court to deny
appellant’s motion. In support of its response, the State tendered affidavits from the
Harris County District Clerk’s Office, the Harris County Medical Examiner’s Office,
and the Harris County Sheriff’s Office, which showed that the none of the agencies
possessed evidence from appellant’s conviction. The convicting court denied relief
and adopted the State’s proposed findings of fact and conclusions of law. The
convicting court found, in part, that appellant failed to show that “the evidence still
exists . . . in a condition making DNA testing possible” and that “a reasonable
probability exists that [appellant] would not have been prosecuted or convicted if
exculpatory test results been obtained through DNA testing.”
Constitutional Rights to Due Process, Confrontation, and Cross-Examination
          In appellant’s first four points of error, he contends that the trial court violated
his federal and state constitutional rights to due process, confrontation, and cross-examination by conducting the hearing on his motion for post-conviction DNA
testing without him being present. Although the parties waived the presence of a
court reporter at the hearing, some indication exists in the record that appellant was
present at the hearing on his motion. Even assuming that appellant was not present,
appellant’s argument lacks merit. Both the Court of Criminal Appeals and this Court
has held that nothing in Chapter 64 requires the trial court to hold an evidentiary
hearing when determining a post-conviction motion for DNA testing. Whitaker v.
State, No. 74612, 2004 WL 63981 at *3 (Tex. Crim. App. Jan. 14, 2004); Cravin v.
State, 95 S.W.3d 506, 509-10 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). As
in a post-conviction writ of habeas corpus proceeding, an applicant for post-conviction DNA testing enjoys neither a presumption of innocence nor a
constitutional right to be present at a hearing on the motion. See Cravin, 95 S.W.3d
at 510. Consequently, appellant also does not have a federal or state constitutional
right to confront or to cross-examine witnesses in a post-conviction proceeding. See
id. 
We overrule appellant’s first, second, third, and fourth points of error.
Inadmissible Hearsay Contained in State’s Affidavits
          In his fifth point of error, appellant contends that the convicting court erred in
considering affidavits submitted by the State because they constituted inadmissible
hearsay in violation of the Texas Rules of Evidence. In Cravin, we determined that
no evidentiary hearing is required in considering whether DNA evidence exists and
that the State’s written response need not be accompanied by affidavits. Id. at 511. 
For this reason, at least two Texas courts have determined that the rules of evidence
are not necessarily implicated in the determination of a post-conviction motion for
DNA testing. Thompson v. State, 123 S.W.3d 781, 785 (Tex. App.—Houston [14th
Dist.] 2003, pet. ref’d); Mearis v. State, 120 S.W.3d 20, 25 (Tex. App.—San Antonio,
2003, pet. ref’d).
          Rather than an evidentiary hearing, Chapter 64 specifically contemplates a
post-conviction proceeding with submission of affidavits from the applicant and a
written response from the State. See Tex. Code Crim. Proc. Ann. arts. 64.01(a),
64.02(2)(B) (Vernon Supp. 2004). Because the State is not required to file affidavits
with its response to an applicant’s motion for DNA testing, the convicting court may
reach a decision based solely on the convicted person’s motion and affidavit and the
State’s response. Cravin, 95 S.W.3d at 509. Therefore, the State’s affidavits were
unnecessary to the convicting court’s decision in this case. Id. 
          We overrule appellant’s fifth point of error.
Denial of Motion for DNA Testing
          In his final issue, appellant contends that the convicting court committed
reversible error in denying his motion for DNA testing of biological materials
because the State failed to establish that no such evidence existed. In particular,
appellant argues that the State offered no evidence “to show that no other police
agency had seized evidence in relation to [appellant’s] alleged offense, or that any
such evidence would not still be in that law enforcement agency’s possession.” 
          The convicting court may order post-conviction DNA testing only if the court
finds that the evidence still exists in a condition making DNA testing possible. Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2004). The convicting
court in this case found that appellant failed to meet his burden to establish this
requirement. 
          After an applicant files a post-conviction motion for DNA testing, the
convicting court is required to provide the State with a copy of the motion. See Tex.
Code Crim. Proc. Ann. art. 64.02(1) (Vernon Supp. 2004). The State then is
required either to deliver the evidence to the court or to explain in writing why the
evidence cannot be delivered to the court. Id. art. 64.02(2); Cravin, 95 S.W.3d at
509. In response to appellant’s motion for DNA testing, the State in this case cited
affidavits from the representatives of the district clerk’s office, the medical
examiner’s office, and the sheriff’s office. These affidavits explained that none of
these agencies were in possession of biological evidence in appellant’s case. 
          As noted by one of our sister courts, “The State was not required to obtain
affidavits from every criminal justice department in the county as to criminal
investigations in which they were not involved.” Thompson, 123 S.W.3d at 786. We
conclude that the response filed by the State was sufficient to enable the convicting
court to determine that no evidence existed for DNA testing in this case. See Cravin,
95 S.W.3d at 511; see also Thompson, 123 S.W.3d at 786; Mearis, 120 S.W.3d at 25. 
We hold that the convicting court did not err in denying appellant’s motion for post-conviction DNA testing.



          We overrule appellant’s sixth point of error.
 

Conclusion
          We affirm the convicting court’s order denying appellant’s motion for post-conviction DNA testing.





                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).