IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00003-CR

 

Alvin Alexander Russell,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 26,275

 



Opinion



 








          Alvin Russell was convicted of sexual assault in 1996 and sentenced
to twenty years’ confinement.  He filed a pro se motion for DNA testing under article 64.01 of the Code of Criminal
Procedure and requested counsel to
assist him in the motion.  The trial court appointed counsel, who filed a second
motion for DNA testing in 2004.  A hearing was set for November 23, 2004, but
there is no record that a hearing was held.  On November 23, 2004, the trial
court denied Russell’s motion for DNA testing and issued findings of fact and
conclusions of law.  Russell argues on appeal that the trial court’s failure to
hold an evidentiary hearing on his motion for DNA testing violated his due
process rights.

          A court may order forensic DNA testing
under Chapter 64 if it finds (1) that the evidence “still exists and is in a
condition making DNA testing possible;” (2) that the evidence “has been
subjected to a chain of custody sufficient to establish that it has not been
substituted, tampered with, replaced or altered in any material respect;” and
(3) that “identity was or is an issue in the case.”  Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2004-05). 
However, the convicted person bears the burden of establishing by a
preponderance of the evidence that “a reasonable probability exists that the
person would not have been prosecuted or convicted if exculpatory results had
been obtained through DNA testing.”  Id.; Whitaker v. State, 160
S.W.3d 5, 6 (Tex. Crim. App. 2004).

The Court of Criminal Appeals has held that
“nothing in Article 64.03 requires a hearing of any sort concerning the trial
court’s determination of whether a defendant is entitled to DNA testing.”  Rivera
v. State, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002).  In determining
whether to order forensic DNA testing under article 64.03, the trial court may
rely on the motion, accompanying affidavits, and the State’s written response. 
Mearis v. State, 120 S.W.3d 20, 24 (Tex. App.—San Antonio 2003, pet.
ref’d).  Chapter 64 does not require the trial court to conduct a hearing,
regardless of whether the State attaches affidavits to its response.  Whitaker,
160 S.W.3d at 7.

Russell claims that, without a hearing, he is
presented with “an impossible task” to present to the court the merits of the
DNA motion.  We disagree.  Nothing prevents the convicted person from
presenting affidavits in support of the motion.  Indeed, article 64.01 requires
that the motion be accompanied by an affidavit, sworn to by the convicted
person, containing statements of fact in support of the motion.  Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2004-05).  The movant may also request that the trial court take judicial
notice of the trial record.  See Smith v. State, No. PD-393-04, 2005 Tex. Crim. App. LEXIS 912 (Tex. Crim. App. June 15, 2005).

Russell’s original pro se motion was accompanied
by an affidavit in which Russell swears that DNA testing was not made available
to him.  Russell’s second motion for DNA testing, filed after counsel was
appointed, was not accompanied by any affidavits.  Neither motion requests that
the trial court take judicial notice of the trial testimony and exhibits.  The
State did not attach affidavits to its response to the motion.  Russell does
not explain why it is an “impossible task” to present evidence in support of a
motion through affidavits and by requesting the trial court to take judicial
notice of the trial testimony and exhibits.[1]

Russell also challenges the trial court’s
findings of fact.  The court found that: (1) Russell “fails to meet the
requirement” that identity was or is an issue in the case; (2) Russell failed
to show by a preponderance of the evidence that a reasonable probability exists
that the applicant would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing; and (3) Russell fails to meet
the requirements of article 64.03(a)(2) concerning his burden of proof. 
Because no hearing was held and Russell’s affidavit is the only evidence
supporting the motion, the trial court is in no better position than we are to
determine the credibility and demeanor of the witnesses, and thus we review the
court’s findings de novo.  Id. at *6.

The trial court found that Russell’s motion
fails to show that identity was or is an issue in the case.  Russell’s
affidavit does not state that identity was an issue at trial, nor does it state
any facts regarding the case that would indicate that identity was an issue at
trial.  Neither of Russell’s motions for DNA testing argues that, or explains
how, identity was an issue at trial.  On the basis of the evidence that was
before the trial court and is now before us, we cannot say the trial court
erred in not finding that identity was or is an issue in the case.

Under article 64.03, the convicting court may
order DNA testing only if it finds, among other things, that identify was or is
an issue in the case.  The trial court did not find that identity was or is an
issue in this case.  Because we would affirm the trial court’s denial of the
DNA motion on the identity finding alone, we need not address Russell’s
challenges to the court’s other findings.

CONCLUSION

          We overrule the issues and affirm the
judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed July 6, 2005

Publish

[CR25]









    [1]       We
recognize that written “trial testimony and exhibits” may not exist.  We
reserve for another day the decision about how to review such testimony and
exhibits.