NO. 07-04-0586-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 30, 2005

_____

JAMES WARREN BRIGHT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 16,336; HONORABLE ANDREW J. KUPPER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant James Warren Bright appeals an order denying his motion for post-conviction forensic DNA testing filed pursuant to Chapter 64 of the Code of Criminal Procedure. By a single issue, appellant contends the trial court erred in dismissing his motion based solely on the State's response that it had no evidence in its possession. We affirm.

On September 15, 1976, appellant was convicted of aggravated rape and sentenced to 99 years confinement. His conviction was affirmed on direct appeal. *See* Bright v. State, 585 S.W.2d 739 (Tex.Cr.App. 1979). In October 2001, appellant filed a motion for post-conviction DNA testing to be performed on the various pieces of biological evidence in the State's possession at the time of his conviction. At a hearing on June 18, 2003, the trial court appointed counsel to represent appellant and ordered the State to inform the court within 30 days whether any evidence was available for DNA testing.[1] The State responded with a letter concluding that there was no evidence available for DNA testing in its possession and explaining why they were unable to produce any such evidence. On November 17, 2004, the court entered an order of final disposition dismissing appellant's motion. Appellant contends the court's reliance on the State's determination that there was no evidence available for DNA testing was in error. We disagree.

In reviewing the trial court's decision, we employ the bifurcated standard of review articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). That is, we afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues. Rivera v. State, 89 S.W.3d 55, 59

---

[1]The trial court initially refused to appoint an attorney to represent appellant on his motion, and he filed a *pro se* appeal. In Cause No. 07-03-0079-CR, we abated his appeal and remanded the proceedings back to the trial court to determine whether appellant was indigent and to enter any orders necessary to ensure the diligent and prompt pursuit of his appeal.

(Tex.Cr.App. 2002). Therefore, the trial court's finding regarding the existence or location of the evidence is afforded almost total deference. *Id.*

Chapter 64 provides that a convicting court may order forensic DNA testing only if it finds the evidence "still exists and is in a condition making DNA testing possible." Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004-05). The Court of Criminal Appeals has held that "[n]othing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing." *Rivera*, 89 S.W.3d at 59. Therefore, the trial court, in deciding whether the evidence to be tested still exists, may reach its decision based on the sufficiency of the State's written explanation of its failure to deliver the requested evidence. *See* Mearis v. State, 120 S.W.3d 20, 24 (Tex.App.–San Antonio 2003, pet. ref'd); Cravin v. State, 95 S.W.3d 506, 509 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd).

In the present case, the trial court concluded appellant was not entitled to forensic DNA testing based on the State's explanation that there was no longer any evidence available for testing in its possession. Under chapter 64, the trial court is not required to conduct any further inquiry. Appellant's issue is overruled.

Accordingly, the order of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

3