NO. 07-04-0586-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 30, 2005



______________________________




JAMES WARREN BRIGHT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 16,336; HONORABLE ANDREW J. KUPPER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Appellant James Warren Bright appeals an order denying his motion for post-conviction forensic DNA testing filed pursuant to Chapter 64 of the Code of Criminal
Procedure. By a single issue, appellant contends the trial court erred in dismissing his
motion based solely on the State's response that it had no evidence in its possession. We
affirm.

 On September 15, 1976, appellant was convicted of aggravated rape and sentenced
to 99 years confinement. His conviction was affirmed on direct appeal. See Bright v. State,
585 S.W.2d 739 (Tex.Cr.App. 1979). In October 2001, appellant filed a motion for post-conviction DNA testing to be performed on the various pieces of biological evidence in the
State's possession at the time of his conviction. At a hearing on June 18, 2003, the trial
court appointed counsel to represent appellant and ordered the State to inform the court
within 30 days whether any evidence was available for DNA testing. (1) The State responded
with a letter concluding that there was no evidence available for DNA testing in its
possession and explaining why they were unable to produce any such evidence. On
November 17, 2004, the court entered an order of final disposition dismissing appellant's
motion. Appellant contends the court's reliance on the State's determination that there was
no evidence available for DNA testing was in error. We disagree.

 In reviewing the trial court's decision, we employ the bifurcated standard of review
articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). That is, we afford
almost total deference to the trial court's determination of issues of historical fact and
application-of-law-to-fact issues that turn on credibility and demeanor, while we review de
novo other application-of-law-to-fact issues. Rivera v. State, 89 S.W.3d 55, 59
(Tex.Cr.App. 2002). Therefore, the trial court's finding regarding the existence or location
of the evidence is afforded almost total deference. Id.

 Chapter 64 provides that a convicting court may order forensic DNA testing only if
it finds the evidence "still exists and is in a condition making DNA testing possible." Tex.
Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004-05). The Court of Criminal
Appeals has held that "[n]othing in Article 64.03 requires a hearing of any sort concerning
the trial court's determination of whether a defendant is entitled to DNA testing." Rivera,
89 S.W.3d at 59. Therefore, the trial court, in deciding whether the evidence to be tested
still exists, may reach its decision based on the sufficiency of the State's written explanation
of its failure to deliver the requested evidence. See Mearis v. State, 120 S.W.3d 20, 24
(Tex.App.-San Antonio 2003, pet. ref'd); Cravin v. State, 95 S.W.3d 506, 509
(Tex.App.-Houston [1st Dist.] 2002, pet. ref'd).

 In the present case, the trial court concluded appellant was not entitled to forensic
DNA testing based on the State's explanation that there was no longer any evidence
available for testing in its possession. Under chapter 64, the trial court is not required to
conduct any further inquiry. Appellant's issue is overruled.

 Accordingly, the order of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. The trial court initially refused to appoint an attorney to represent appellant on his
motion, and he filed a pro se appeal. In Cause No. 07-03-0079-CR, we abated his appeal
and remanded the proceedings back to the trial court to determine whether appellant was
indigent and to enter any orders necessary to ensure the diligent and prompt pursuit of his
appeal.



program and being placed
in a halfway house, appellant used cocaine and after being transferred to another halfway
house, relapsed with cocaine within six weeks.

 Appellant's mother and appellant presented testimony hoping the trial court would
consider continuing community supervision or reduce his sentences. However, the court
revoked community supervision based on appellant's pleas of true and other evidence. 
Based on the record before us, we conclude the trial court did not abuse its discretion in
revoking appellant's community supervision and imposing the original sentences.

 We have also made an independent examination of both records to determine
whether there are any arguable grounds which might support the appeals. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeals are frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v.
State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgments of
the trial court are affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).