Affirmed and Memorandum Opinion filed April 3, 2007








Affirmed and Memorandum Opinion filed April 3, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00233-CR

____________

 

TERESA ANN WATERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 911887

 



 

M E M O R A N D U M   O P I N I O N

In five issues, appellant Teresa Ann Waters appeals from
the trial court=s denial of her postconviction motion for
DNA testing.  We affirm.








In November 2002, appellant pleaded guilty to aggravated
sexual assault of a child and was sentenced to ten years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant
thereafter filed a motion for postconviction DNA testing pursuant to article
64.01 of the Texas Code of Criminal Procedure, urging DNA testing of all
evidence secured in relation to the offense, which appellant contended was not
previously subjected to DNA testing through no fault of her own.  See Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon 2006).  The State filed a motion to deny DNA testing, claiming
appellant failed to meet her burden to show that (1) evidence existed in a
condition capable of DNA testing and (2) identity was an issue.  See id.  art. 64.03(a)(1)(A)(i), (a)(1)(B)
(Vernon 2006).  In support of its contention that appellant failed to show the
evidence existed, the State attached affidavits from the exhibits clerk at the
Harris County District Clerk=s Office and records custodians at the
Houston Police Department Crime Laboratory and Houston Police Department
Property Room.  The exhibits clerk=s affidavit
indicated the district clerk=s office possessed only a Aservice record@ from appellant=s case, and the
records custodians= affidavits indicated the other entities
retained no records from the case.  In support of its contention that appellant
did not establish identity as an issue, the State attached a pre-sentence
investigation report from appellant=s case indicating
she never contested identity and admitted having a sexual relationship with the
complainant. 

The trial court subsequently held a hearing on the motion
in appellant=s absence.  Appellant=s counsel objected
in writing both to the Adeni[al]@ of appellant=s right to appear
at the hearing as unconstitutional and to the State=s affidavits as containing
hearsay.  After overruling the objections, the trial court denied appellant=s motion, and this
appeal followed.

We review the trial court=s decision to deny
DNA testing under a bifurcated standard of review.  See Whitaker v. State,
160 S.W.3d 5, 8 (Tex. Crim. App. 2004).  We defer to the trial court=s determination of
issues of historical fact and application‑of‑law‑to‑fact
issues that turn on credibility and demeanor, while we review de novo other
application‑of‑law‑to‑fact issues.  Id. 
Employing this standard, we defer to a trial court=s finding as to
whether the claimed DNA evidence exists and exists in a condition capable of
testing.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).








In issues one through four, appellant contends the trial
court violated her federal constitutional rights to due process, and her state
and federal constitutional rights to confrontation and cross-examination
because she did not appear at the hearing and could not cross-examine the State=s affiants.  In
issue five, appellant asserts that the trial court violated the Texas Rules of
Evidence in admitting the affidavits and pre-sentence investigation report,
which she claims contained inadmissible hearsay.  We and other courts have
previously overruled these precise arguments under similar facts and, therefore,
hold that appellant=s claims lack merit.  See Thompson v.
State, 123 S.W.3d 781, 783B85 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d); see also Mearis v. State,
120 S.W.3d 20, 24B26 (Tex. App.CSan Antonio 2003,
pet. ref=d); Cravin v. State,
95 S.W.3d 506, 508B11 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).

We accordingly overrule appellant=s five issues and
affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 3, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).