Affirmed and Memorandum Opinion filed May 10, 2007








Affirmed and Memorandum Opinion filed May 10, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00239-CR

NO. 14-06-00240-CR

NO. 14-06-00242-CR

NO. 14-06-00243-CR

____________

 

ALBERT PENNINGTON SMALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause Nos. 879,465;
879,466; 879,467; 879,468

 



 

M E M O R A N D U M   O P I N I O N

In six issues, appellant Albert Pennington Small appeals
from the trial court=s denial of his motion for postconviction
DNA testing.  We affirm.

I.  Factual and Procedural Background

Appellant pleaded no contest to two counts of aggravated
kidnapping, one count of aggravated sexual assault, and one count of aggravated
sexual assault of a child.[1] 
Thereafter, on March 26, 2003, appellant filed a motion for postconviction DNA
testing pursuant to article 64.01 of the Texas Code of Criminal Procedure.  The
record does not indicate the trial court expressly ruled on this motion.  In
July 2003, pursuant to an investigation of the Houston Police Department Crime
Laboratory and recommendations of the Harris County District Attorney=s Office,
Identigene, an independent laboratory, conducted testing on evidence relating
to the offenses.[2]








On August 23, 2005, appellant filed a second motion for
postconviction DNA testing, urging testing of specific evidence relating to the
offenses in possession of the Houston Police Department Crime Laboratory and
Houston Police Department Property Room that previously had not been tested by
Identigene or otherwise.[3] 
Appellant contended the remaining evidence, if tested, would more likely than
not either establish the identity of the person that committed the offense or
exclude appellant from the group of persons who could have committed the
offense.  The State responded with a motion to deny DNA testing.  The State did
not dispute the existence of appellant=s designated
evidence but maintained that, given that the Identigene test results indicated
appellant Acould not be eliminated as a contributor to biological
material on [the items tested],@ appellant could not meet his burden to
establish by a preponderance that he would not have been convicted if
exculpatory results had been obtained through DNA testing of the remaining
untested evidence.  See Tex. Code
Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon 2006).  

The trial court, after considering the motions, affidavits
of various records custodians, and the Identigene laboratory results, denied
appellant=s motion.  The court acknowledged in agreed findings
of fact that evidence still existed in a condition making DNA testing possible
but nonetheless found, without additional explanation, that appellant failed to
meet his burden under article 64.03(a)(2).[4] 
This appeal followed.    

II.  Analysis

We review the trial court=s decision to deny
DNA testing under a bifurcated standard of review.  See Whitaker v. State,
160 S.W.3d 5, 8 (Tex. Crim. App. 2004).  We defer to the trial court=s determination of
issues of historical fact and application‑of‑law‑to‑fact
issues that turn on credibility and demeanor, while we review de novo other
application‑of‑law‑to‑fact issues.  Id. 
Employing this standard, we review de novo determinations under article
64.03(a)(2)(A) not involving credibility and demeanor.  See Smith v. State,
165 S.W.3d 361, 363 (Tex. Crim. App. 2005); Skinner v. State, 122 S.W.3d
808, 813 (Tex. Crim. App. 2003). 








In issues one through four, appellant contends the trial
court violated his federal constitutional rights to due process and his state
and federal constitutional rights to confrontation and cross-examination
because he did not appear at the hearing[5] 
and could not cross-examine the State=s affiants.  In
issue five, appellant asserts the trial court violated the Texas Rules of
Evidence in admitting the State=s affidavits and laboratory results, which
he claims constituted inadmissible hearsay.  We and other courts have
previously overruled these precise arguments under similar facts, and,
therefore, we overrule issues one through five.  See Thompson v. State,
123 S.W.3d 781, 783B85 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d); see also Mearis v. State,
120 S.W.3d 20, 24B26 (Tex. App.CSan Antonio 2003,
pet. ref=d); Cravin v.
State, 95 S.W.3d 506, 508B11 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).








In issue six, appellant complains the trial court erred in
denying his motion because additional materials relating to each offense and
suitable for DNA testing remain that were not tested by Identigene.  Appellant
first challenges the trial court=s procedural
authority, reasoning that chapter 64 does not give the court discretion to
allow testing of some evidence and, finding such testing does not exculpate
appellant, refuse to order testing of any remaining evidence.  He notes that
chapter 64 instead requires the State to either deliver evidence capable of DNA
testing to the court or explain in writing why it cannot do so.  See Tex. Code Crim. Proc. Ann. art 64.02(2)
(Vernon 2006).  Appellant further contends the Identigene test results did not
conclusively link him to the evidence, as they stated that appellant could not
be excluded as a contributor and the possibility remains that appellant was not
the contributor.  He adds that the remaining evidence, including vaginal
fluids, is not insignificant, and the absence of his DNA material from such
evidence would be highly exculpatory.  The State counters that we should defer
to the trial court=s finding that appellant failed to
demonstrate by a preponderance of the evidence that a reasonable probability
exists he would not have been convicted because the Identigene test results
strongly, if not conclusively, linked appellant to the crime.  See id. art 64.03(a)(2)(A). 








We have independently reviewed the sealed Identigene test
results, and we disagree with appellant=s characterization
of them.  Without disclosing the particulars of the results, we note that they
link appellant=s DNA profile to the DNA extracted from the relevant
evidence by an overwhelming degree of mathematical probability.  In similar
cases, courts have found the evidence failed to establish a right to relief
under chapter 64.  See Robinson v. State, No. 05-04-01346-CR,
2006 WL 2244434, at *1 (Tex. App.CDallas Aug. 7,
2006, no pet.) (not designated for publication) (holding that postconviction
DNA tests were unfavorable to appellant under article 64.04 of Code of Criminal
Procedure where probability that someone other than appellant was contributor of
DNA on epithelial fraction exceeded world=s population,
although probability on sperm fraction was significantly lower); Fuentes v.
State, 128 S.W.3d 786, 788B89 (Tex. App.CAmarillo 2004,
pet. ref=d) (holding
similarly where results showed appellant could not be excluded as contributor
of major component of DNA on evidence and probability that someone other than
appellant was contributor vastly exceeded world=s population); Hicks
v. State, 151 S.W.3d 672, 675B76  (Tex. App.CWaco 2004, pet.
ref=d) (holding
similarly where results showed appellant=s profile was
consistent with that found on evidence and probability that someone other than
appellant was contributor vastly exceeded world=s population); Brewer
v. State, No. 05‑02‑00136‑CR, 2002 WL 31445286, at *1B2 (Tex. App.CDallas Nov. 2,
2002, no pet.) (not designated for publication) (noting that testing of
previously untested hairs removed from complainant=s body could fail
to match appellant=s DNA without foreclosing appellant=s guilt for sexual
assault where complainant was assaulted in filthy, vacant house, Aparticularly@ in light of other
DNA testing revealing probability that someone other than appellant was
contributor of DNA on complainant=s clothes was one
in many trillions).  Given this strong linkage, we conclude appellant has failed
to show by a preponderance he would not have been convicted had exculpatory
results been obtained from testing of the remaining evidence.[6] 
See Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A); Whitaker, 160 S.W.3d at 9 (holding appellant failed to
meet burden under article 64.03(a)(2) where appellant claimed testing of blood
on murder weapon would reveal another individual committed murder because,
regardless of whose blood appeared on weapon, other evidence established
appellant=s guilt).  Accordingly, the trial court did not err in
denying appellant=s motion, and we overrule issue six. 

Having overruled appellant=s issues, we
affirm the trial court=s judgment. 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed May 10, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  One aggravated kidnapping count and the aggravated
sexual assault count relate to one complainant (police offense report number
141476300), and the other aggravated kidnapping count and the aggravated sexual
assault of a child count relate to an additional complainant (police offense
report number 2501501). 





[2]  The evidence relating to offense number 141476300
included (1) a cutting from loose evidence paper, (2) a vaginal smear, (3) an
extracted blank control, (4) a blood stain card labeled with the complainant=s name, and (5) extracted DNA labeled AAlbert Small.@ 
The evidence relating to offense number 2501501 included (1) a vaginal smear,
(2) extracted DNA labeled AAlbert Small,@ and (3) a blood stain card labeled with the
complainant=s name.   The trial court granted the State=s motion to seal the results of the Identigene tests. 
See Tex. Occ. Code Ann. '' 58.001(4)B(5),
58.102(a) (Vernon 2003) (providing that, subject to exceptions, Agenetic information is confidential and privileged
regardless of the source of the information@). 
The trial court provided us with the results upon our motion for purposes of
this appeal, and we have agreed to keep them confidential.  See id. ' 58.103(a)(2) (providing that, subject to limitations
in the Texas Government Code relating to the DNA records in the Texas
Department of Public Safety DNA Database, an individual=s genetic information may be disclosed without
authorization of the individual or legal representative of the individual if
required under a specific order of a state or federal court).





[3]  The evidence included a rape kit, miscellaneous
clothing, and various tubes containing DNA evidence from various sources on
appellant and the complainants.  





[4]  We note that appellant filed his first motion when
former article 64.03 governed, which required a more onerous Ainnocence@
burden.  See Act of April 5, 2001, 77th Leg., R.S., ch. 2 ' 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current
version at Tex. Code Crim. Proc. Ann. art
64.03(a)(2)(A)); Kutzner v. State, 75 S.W.3d 427, 439 (Tex. Crim. App.
2002).  However, appellant filed his second motion after article 64.03 was
amended to its current form, which invokes a preponderance-of-the-evidence
burden.  See Tex. Code Crim.
Proc. Ann. art 64.03(a)(2)(A).  Because appellant=s second motion is the Alive@ motion, we review the motion under the current
preponderance-of-the-evidence standard.  See generally Alvarado v. State,
No. 03‑05‑00216‑CR, 2003 WL 22026409, at *2 (Tex. App.CFort Worth Aug. 28, 2003, no pet.) (not designated for
publication) (treating later-filed motion for postconviction DNA testing as Alive@ motion for
purposes of appeal).  





[5]  Appellant contends the trial court erroneously
stated in an order that appellant was present at the motion hearing, and the
State does not address this point.  Because appellant=s actual presence at the hearing will not alter our
analysis, we need not address this apparent discrepancy.





[6]  We acknowledge that, in reviewing whether
postconviction DNA test results were Afavorable@ under article 64.04, some of the cases we cite invoke
or analogize the more onerous Ainnocence@ standard.  See, e.g., Fuentes, 128
S.W.3d at 787.  However, we conclude, even under the
preponderance-of-the-evidence standard for article 64.03(a)(2)(A), appellant
failed to meet his burden.  Cf. Wilson v. State, 185 S.W.3d 481, 484 n.4
(Tex. Crim. App. 2006).