NO. 07-10-0235-CR
 NO. 07-10-0236-CR
 NO. 07-10-0237-CR
 NO. 07-10-0238-CR
 NO. 07-10-0239-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 FEBRUARY 24, 2011

 ______________________________

 JOE MARVIN SLUTZ, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 NOS. 58,571-E, 58,572-E, 58,573-E, 58,574-E & 58,575-E;
 
 HONORABLE DOUGLAS R. WOODBURN, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
In 2008, Appellant, Joe Marvin Slutz, was convicted and sentenced as follows: cause number 58,571-E, sexual assault of a childtwenty years confinement; (2) cause number 58,572-E, Count Iaggravated sexual assault of a childconfinement for life; Count IIaggravated sexual assault of a childconfinement for life; (3) cause number 58,573-E, aggravated sexual assault of a childconfinement for life; (4) cause number 58,574-E, aggravated sexual assault of a childconfinement for life; and (5) cause number 58,575-E, aggravated sexual assault of a childconfinement for life. His convictions were affirmed by this Court. See Slutz v. State, Nos. 07-08-00434-CR, 07-08-00435-CR, 07-08-0436-CR, 07-08-0437, and 07-08-0438-CR, 2009 Tex. App. LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).
 On March 12, 2010, Appellant filed, in each cause, a Motion for Post Conviction DNA Testing Pursuant to Chapter 64 of the Texas Code of Criminal Procedure. As required by article 64.02(a)(2)(B) of the Code, the State responded to Appellant's motion by explaining that no evidence could be delivered for testing because none had been collected. In its brief, the State explained that during Appellant's trial, the Sexual Assault Nurse Examiner testified that she did not collect any samples for testing because the last sexual assault had occurred outside a ninety-six hour period. No hearing was held on Appellant's motion, and the trial court entered an order in each cause denying the motion. Appellant now appeals the denial of his request for DNA testing. 
 Relying on McKenzie v. State, 617 S.W.2d 211 (Tex.Crim.App. 1981), Appellant argues that "[t]he rule is well settled that where the state introduces an exculpatory statement or confession of a defendant it is then bound to disprove it and failure to do so is grounds for acquittal." Id. at 217. McKenzie has no application to this appeal from the trial court's denial of a request for DNA testing. Furthermore, Appellant does not brief nor argue entitlement to appointed counsel or challenge the trial court's rulings. See Tex. R. App. P. 38.1(i). Nevertheless, we will construe his brief as a challenge to the denial of his motions for DNA testing.
 We review the trial court's decision to deny DNA testing under the bifurcated standard announced in Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). See Rivera v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). Chapter 64 of the Texas Code of Criminal Procedure provides that a convicting court may order forensic DNA testing only if it finds the evidence still exists and is in a condition making DNA testing possible. Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2010). The burden is on the convicted person to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing, and the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. Art. 64.03(a)(2). Simply stated, the convicted person must show the existence of a reasonable probability that exculpatory DNA tests would prove his innocence. Kutzner v. State, 75 S.W.3d 427, 439 (Tex.Crim.App. 2002). 
Additionally, the Court of Criminal Appeals has held that [n]othing in Article 64.03 requires a hearing of any sort concerning the trial courts determination of whether a defendant is entitled to DNA testing. Rivera, 89 S.W.3d at 58-59. Therefore, the trial court, in deciding whether the evidence to be tested still exists, may reach its decision based on the sufficiency of the States written explanation of its failure to deliver the requested evidence. See Mearis v. State, 120 S.W.3d 20, 24 (Tex.App.San Antonio 2003, pet. refd).
In the present case, the State explained there was no biological material to test. Based on the sufficiency of the State's reason, the trial court concluded that Appellant was not entitled to DNA testing. Consequently, Appellant did not demonstrate entitlement to appointed counsel or to DNA testing. We hold the trial court did not err in denying Appellant's request for DNA testing in each cause. Appellants sole contention is overruled.
Accordingly, the trial court's orders are affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.