NO. 07-10-0235-CR
NO. 07-10-0236-CR
NO. 07-10-0237-CR
NO. 07-10-0238-CR
NO. 07-10-0239-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 24, 2011

_____

JOE MARVIN SLUTZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 58,571-E, 58,572-E, 58,573-E, 58,574-E & 58,575-E;

HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In 2008, Appellant, Joe Marvin Slutz, was convicted and sentenced as follows: cause number 58,571-E, sexual assault of a child–twenty years confinement; (2) cause number 58,572-E, Count I–aggravated sexual assault of a child–confinement for life;

Count II–aggravated sexual assault of a child–confinement for life; (3) cause number 58,573-E, aggravated sexual assault of a child–confinement for life; (4) cause number 58,574-E, aggravated sexual assault of a child–confinement for life; and (5) cause number 58,575-E, aggravated sexual assault of a child–confinement for life. His convictions were affirmed by this Court. *See Slutz v. State*, Nos. 07-08-00434-CR, 07-08-00435-CR, 07-08-0436-CR, 07-08-0437, and 07-08-0438-CR, 2009 Tex. App. LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).

On March 12, 2010, Appellant filed, in each cause, a Motion for Post Conviction DNA Testing Pursuant to Chapter 64 of the Texas Code of Criminal Procedure. As required by article 64.02(a)(2)(B) of the Code, the State responded to Appellant's motion by explaining that no evidence could be delivered for testing because none had been collected. In its brief, the State explained that during Appellant's trial, the Sexual Assault Nurse Examiner testified that she did not collect any samples for testing because the last sexual assault had occurred outside a ninety-six hour period. No hearing was held on Appellant's motion, and the trial court entered an order in each cause denying the motion.[1] Appellant now appeals the denial of his request for DNA testing.

---

[1]Although the trial court's order is entitled "Order Denying Defendant's Motion for DNA Testing and Appointment of Counsel," nowhere in his motions does Appellant request appointment of counsel. Nevertheless, in the notices of appeal filed in cause numbers 07-10-0236-CR and 07-10-0237-CR, Appellant complains that the trial court did not appoint counsel to represent him in pursuing DNA testing. Entitlement to appointed counsel to pursue DNA testing is not absolute. The convicted person must meet three criteria: (1) inform the trial court that he wants to submit a motion for the appointment of counsel; (2) the trial court must find that "reasonable grounds" exist for the filing of the motion; and (3) the trial court must find that the convicted person is indigent. *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex.Crim.App. 2010).

Relying on *McKenzie v. State*, 617 S.W.2d 211 (Tex.Crim.App. 1981), Appellant argues that "[t]he rule is well settled that where the state introduces an exculpatory statement or confession of a defendant it is then bound to disprove it and failure to do so is grounds for acquittal." *Id.* at 217. *McKenzie* has no application to this appeal from the trial court's denial of a request for DNA testing. Furthermore, Appellant does not brief nor argue entitlement to appointed counsel or challenge the trial court's rulings. *See* Tex. R. App. P. 38.1(i). Nevertheless, we will construe his brief as a challenge to the denial of his motions for DNA testing.

We review the trial court's decision to deny DNA testing under the bifurcated standard announced in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). *See Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). Chapter 64 of the Texas Code of Criminal Procedure provides that a convicting court may order forensic DNA testing only if it finds the evidence "still exists and is in a condition making DNA testing possible." Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2010). The burden is on the convicted person to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing, and the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. Art. 64.03(a)(2). Simply stated, the convicted person must show the existence of a reasonable probability that exculpatory DNA tests would prove his innocence. *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex.Crim.App. 2002).

Additionally, the Court of Criminal Appeals has held that "[n]othing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of

3

whether a defendant is entitled to DNA testing." *Rivera,* 89 S.W.3d at 58-59. Therefore, the trial court, in deciding whether the evidence to be tested still exists, may reach its decision based on the sufficiency of the State's written explanation of its failure to deliver the requested evidence. *See Mearis v. State*, 120 S.W.3d 20, 24 (Tex.App.–San Antonio 2003, pet. ref'd).

In the present case, the State explained there was no biological material to test. Based on the sufficiency of the State's reason, the trial court concluded that Appellant was not entitled to DNA testing. Consequently, Appellant did not demonstrate entitlement to appointed counsel or to DNA testing.[2] We hold the trial court did not err in denying Appellant's request for DNA testing in each cause. Appellant's sole contention is overruled.

Accordingly, the trial court's orders are affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[2]On January 25, 2011, Appellant filed an untimely Reply Brief. He complains that his conviction was based on extraneous offense evidence. This issue was addressed and resolved against Appellant in his direct appeals. *See Slutz v. State*, Nos. 07-08-00434-CR, 07-08-00435-CR, 07-08-00436-CR, 07-08-00437-CR, and 07-08-00438-CR, 2009 Tex. App. LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd). His other complaints relate to alleged biological material. As the State explained, no biological material was collected; thus, there is nothing to test. We overrule the arguments raised in Appellant's Reply Brief.