Affirmed and Memorandum Opinion filed April 26, 2007








Affirmed and Memorandum Opinion filed April 26, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00045-CR

_______________

 

MELVIN V. JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No.  872,931

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Melvin
V. Jones appeals the trial court=s denial of his motion for
post-conviction DNA testing on various constitutional and evidentiary grounds. 
The issues raised by appellant are well settled;[1]
we therefore affirm the order of the trial court.








I.  Factual and Procedural Background

Appellant
was convicted of possession of cocaine and sentenced to sixty years= confinement.[2] 
The conviction and sentence were affirmed on March 7, 2003.  Jones v. State,
No. 06-02-00076-CR, 2003 WL 876564 (Tex. App.CTexarkana March 7, 2003, pet. ref=d) (not designated for publication).

Beginning
in November 2003, appellant filed multiple pro se motions requesting
post-conviction forensic DNA testing on the plastic bag in which police found
the cocaine that  was the basis of appellant=s conviction.[3] 
Appellant filed his most recent motion for preservation and forensic testing of
DNA evidence on July 15, 2005.  

The
State filed a motion in opposition to appellant=s motions on October 17, 2005,  and
attached the supporting affidavits of (1) Jeremy Warren, the exhibits clerk
with the Harris County District Clerk=s office, (2) K.L. McGinnis, the
property and evidence records custodian with the Houston Police Department, and
(3) Reidun Hilleman, the property and records custodian with the Houston Police
Department Crime Lab.  Warren, McGinnis, and Hilleman  confirmed that the
records of their respective offices do not reflect that the plastic bag is in
their possession.  








On
January 10, 2006, the trial court denied appellant=s request for DNA testing.  Based on
the affidavits of Warren, McGinnis, and Hilleman, the trial court found that
appellant Afail[ed] to meet the requirement of Tex. Code Crim. Proc. art.
64.03(a)(1), showing that the evidence still exist[ed] and [was] in a condition
making DNA testing possible.@  The trial court further found, Abased on the lack of evidence, that
[appellant] fail[ed] to show, by a preponderance of the evidence, that a
reasonable probability exist[ed] that [appellant] would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA
testing.@  Appellant timely filed this appeal.

II.  Issues Presented

Appellant
presents five issues for our review.  In the first two, he asserts that his
federally‑protected right to due process[4]
and state‑protected right to confrontation and cross‑examination[5]
were violated when the trial court held a hearing on his motions for post‑conviction
DNA testing in his absence.  In his third and fourth issues, he contends his
federally- and state‑protected rights to confrontation and cross‑examination[6]
were violated when the trial court denied him the opportunity to confront and
cross‑examine the witnesses who Aappeared@ at his hearing via the State=s affidavits.[7] 
Finally, he complains that the State=s affidavits are inadmissible
hearsay, and thus, the trial court erred when it considered the affidavits in
denying appellant=s motions for DNA testing.[8]


III.  Analysis








In his
brief, as a preliminary matter, appellant states that he preserved error on all
five issues raised on appeal by filing written objections with the trial
court.  He asserts that the trial court overruled these objections in writing.
These objections and the trial court=s rulings on the objections are not
in our record.  To preserve an issue for appeal, the record must reflect that a
complaint was made to the trial court and that the trial court either ruled or
refused to rule on the complaint.  Tex.
R. App. P. 33.1(a); see also Briggs v. State, 789 S.W.2d 918, 924
(Tex. Crim. App. 1990) (en banc) (noting that A[e]ven constitutional errors may be
waived by failing to object@).  Thus, our record does not reflect that appellant
preserved error on any of his issues.  But even if appellant had preserved
error on these issues, none of them would provide any basis for relief.

After a
defendant files a motion for post-conviction forensic DNA testing, the trial
court may order DNA testing only if, as is relevant here, the court finds the
evidence still exists and is in a condition making DNA testing possible.  Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A) (Vernon Supp. 2003).  A hearing is only required after
the trial court examines the results of any DNA testing.  See id. ' 64.04.  Appellant=s issues are based on the erroneous
presumption that chapter 64 also requires the convicting court to conduct an
evidentiary hearing to determine whether pertinent evidence exists.  But the
Court of Criminal Appeals has determined that nothing in chapter 64 requires
the trial court to conduct a hearing to determine whether a defendant is
entitled to DNA testing.  Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim.
App. 2004); Rivera v. State,  89 S.W.3d 55, 58-59 (Tex. Crim. App.
2002).  Thus, contrary to appellant=s assertions, the trial court is not
required to hold an evidentiary hearing to determine whether to order DNA
testing, but may rely on the motion and the State=s written response.  Mearis v.
State, 120 S.W.3d 20 (Tex. App.CSan Antonio 2003, pet. ref=d); Cravin v. State, 95 S.W.3d
506 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).








The
appellate record in this case does not reflect that the trial court conducted
an oral hearing.[9]  But, even if
the trial court did hold an oral hearing, and  appellant was not present,
nothing in the United States or Texas constitutions entitles appellant to be
present.  See Mearis, 120 S.W.3d at 24; Cravin, 95 S.W.3d at
510.  Instead, Alike an applicant for post‑conviction writ of habeas
corpus, an applicant for a post‑conviction DNA proceeding enjoys neither
a presumption of innocence nor a constitutional right to be present at a
hearing.@  Cravin, 95 S.W.3d at 510. 
Moreover, for the same reasons that appellant has no right to be physically
present at such a hearing, appellant does not have the right to cross-examine
witnesses.  Mearis, 120 S.W.3d at 25; Cravin, 95 S.W.3d at 510‑11. 
Accordingly, we overrule appellant=s first, second, third, and fourth
issues.

Turning
to appellant=s final issue, he contends that the trial court committed reversible
error by admitting the State=s affidavits because they constitute inadmissible hearsay. 
Appellant states he was Aentitled to have the rules of evidence applied in any hearing
where his right to DNA testing [was] finally determined.@  But because no evidentiary hearing
is required in considering whether DNA evidence exists, the rules of evidence
are not necessarily implicated.  See Mearis, 120 S.W.3d at 25; Cravin,
95 S.W.3d at 511.  Indeed, the trial court could have based its determination
solely on the State=s written response without considering the affidavits.  See
Whitaker, 160 S.W.3d at 8-9; Cravin, 95 S.W.3d at 509.  Under these
circumstances, we overrule appellant=s fifth issue.

Having
overruled each of appellant=s issues, we affirm the judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed April 26, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  See Mimms
v. State, No.14‑02‑01196‑CR,
2003 WL 21543499 (Tex. App.CHouston [14th
Dist.] July 10, 2003, pet. ref=d) (not
designated for publication); see also Mearis v. State, 120 S.W.3d 20
(Tex. App.CSan Antonio 2003, pet. ref=d); Cravin v. State, 95 S.W.3d 506 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).





[2]  The range of
appellant=s punishment was elevated because of two prior
felony-conviction enhancement paragraphs found to be true by the jury.





[3]  The trial
court appointed counsel in January 2004 to represent appellant for the purpose
of pursuing post-conviction DNA testing. 





[4]  U.S. Const. amend. XIV.





[5]  Tex. Const. art. I, ' 10.





[6]  U.S. Const. amend. VI; Tex. Const. art. I, ' 10.





[7]  Appellant=s second and fourth issues are remarkably similar, as
is the argument supporting each issue. 





[8]  U.S. Const. amend. VI.





[9]  To support his
contention that a hearing was held, appellant cites only the trial court=s docket sheet, which contains no mention of a
hearing.